J-S66039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MCARTHUR FRANK HICKSON | |
| Appellant | No. 529 MDA 2016 |

Appeal from the PCRA Order March 17, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004746-2009

BEFORE: BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED SEPTEMBER 07, 2016**

McArthur Hickson appeals from the denial of his "application for clarification", which the court treated as his third petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

On or about February 19, 2009, the Commonwealth filed an information at CP-06-CR-0000606-2009 charging Hickson with drug-related offenses. On November 12, 2009, the Commonwealth filed a second information at CP-06-CR-0004746-2009 charging Hickson with additional drug-related offenses.

On September 9, 2010, Hickson entered a negotiated guilty plea at both caption numbers to possession with intent to deliver a controlled

substance - cocaine and persons not to use, manufacture, control, sell or transfer firearms.[1]  At each caption number, the court sentenced Hickson to 8 - 20 years' imprisonment.  The sentences at each caption number ran concurrently.   Hickson filed a timely direct appeal, which this Court dismissed on September 29, 2011 due to his failure to file a brief.

On December 21, 2011, Hickson filed a PCRA petition.  The court appointed PCRA counsel, who filed a no-merit letter and requested leave to withdraw as counsel.  On February 15, 2012, the PCRA court granted counsel leave to withdraw and issued a notice of intent to dismiss the petition without a hearing.  On March 12, 2012, the PCRA court dismissed the petition.  On September 14, 2012, this Court affirmed at 619-620 MDA 2012.

On January 6, 2015, Hickson filed a petition for writ of habeas corpus, which the court treated as a second PCRA petition. On February 4, 2015, Hickson filed a supplement to this petition.  On February 18, 2015, the PCRA court issued a notice of intent to dismiss the petition without a hearing. Although Hickson filed an objection to this dismissal on March 12, 2015, the PCRA court dismissed the petition on March 17, 2015.  On September 24, 2015, this Court affirmed, and on February 8, 2016, our Supreme Court denied Hickson's petition for allowance of appeal.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 6105, respectively.

On March 7, 2016, Hickson filed the petition presently in question, an "application for clarification" asserting that the maximum portion of his sentence should be ten years instead of twenty years. On March 17, 2016, the court dismissed this petition. Hickson filed a timely notice of appeal, and both Hickson and the PCRA court complied with Pa.R.A.P. 1925. The court observed in its Rule 1925 opinion that it treated Hickson's petition as a request for relief under the PCRA.

Hickson raises one issue in this appeal:

The trial court abused its discretion in dismissing [Hickson's] application for clarification seeking the statute under Pennsylvania law that it received statutory authority from to impose the (20) year maximum sentence for possession with intent to distribute a controlled substance 35 P.S. § 780-113(a)(30) where the maximum possible sentence is 10 years.

Brief For Appellant, at 8. Simply put, Hickson claims that his maximum sentence of twenty years is illegal under Pennsylvania law.

The trial court properly treated Hickson's petition for clarification as a PCRA petition, because it challenges the legality of his sentence, an issue squarely within the confines of the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(vii) (relief available under PCRA for "the imposition of a sentence greater than the lawful maximum").

Before we address the merits of Hickson's argument, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal*

*denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); ***see also*** 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Hickson's judgment of sentence became final on Monday, October 31, 2011,[2] his deadline for filing a petition for allowance of appeal with our Supreme Court in his direct appeal. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, he had until October 31, 2012 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He filed the present PCRA petition on March 7, 2016. Thus, his petition is patently untimely, and we must determine whether he has pled and proved any of the exceptions to the PCRA time limitation. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Hickson fails to satisfy any of these exceptions. His claim that he received an illegal sentence does not implicate government interference or constitute newly discovered evidence (sections 9545(b)(1)(i)-(ii)). Nor does Hickson contend that his sentence violates a constitutional right that the

---

[2] The thirtieth day after this Court dismissed Hickson's direct appeal, October 29, 2011, fell on a Saturday, thus extending the time for appealing to the Supreme Court to Monday, October 31, 2011.

United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively (section 9545(b)(1)(iii)).[3]

Because Hickson failed to plead and prove any of the statutory exceptions to the PCRA time limitation, the PCRA court correctly determined that it lacked jurisdiction to hear this untimely PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016

_____

[3] Although petitioners cannot waive illegal sentence claims, they must still raise such claims in a timely PCRA petition. **Commonwealth v. Taylor**, 5 A.3d 462, 465 (Pa.Super.2013). Hickson failed to do so here.